**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CRIMINAL ACTION NO. 3:19-CR-131-GNS-CHL**

**UNITED STATES OF AMERICA,**                                                                             **Plaintiff,**

**v.**

**KENDRICK C. BROWN,**                                                                                 **Defendant.**

## REPORT & RECOMMENDATION

Before the Court is a motion for immediate release due to danger from coronavirus filed by Defendant Kendrick Brown ("Defendant"). (DN 32.) Also before the Court is an emergency motion to set a telephonic hearing date filed by Defendant. (DN 35.) The United States of America filed a combined response to both motions. (DN 37.) Therefore, the motions are ripe for review. The motions were referred to the undersigned for findings of fact, conclusion of law and recommendation pursuant to 28 U.S.C. §636(b)(1)(A) and (B). (DN 33, 36.)

    I.      LEGAL STANDARD

18 U.S.C. §3142(i) provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C §3142(g) provides:

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning –
> (1) the nature and circumstances of the offense charged…;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including –
> (A) the person's character, *physical and mental condition*, family ties, employment, financial resources, length of resident in the community, community

> ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use of collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

(emphasis added.)

18 U.S.C. §3142(f)(2) provides:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

II. ANALYSIS

Defendant argues for temporary release on bond given the health risk to Mr. Brown due to the conditions in the local jails during the COVID-19 pandemic. (DN 32, at PageID # 104.) Defendant argues that conditions of pretrial confinement create the ideal environment for the transmission of contagious disease and that many incarcerated persons have chronic medical conditions. (*Id.*) Defendant argues that as additional people are arrested, if they are asymptomatic coronavirus carriers, they will be held with the existing population and could potentially bring COVID-19 into this population. (DN 32, at PageID # 106.)

Defendant relies on *United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993) to support his position. In *Scarpa*, the defendant was terminally ill with AIDS and had entered the final stages of his fatal illness. The court held that because the defendant could only receive necessary and humane treatment under the care of an AIDS specialist at a hospital, the defendant could be confined to a

hospital under the 24-hour guard of the United States Marshal Service at his own expense. *Id.* at 89. The Court does not find this case to be factually analogous as Defendant does not have a chronic terminal illness requiring specialized treatment. The Court similarly finds *Davis v. Ayala*, 135 S. Ct. 2187, 2209 (2015) (Kennedy, J., concurring) to be unpersuasive as it addresses the psychological toll of solitary confinement on inmates. The Court finds *United States v. Mateo*, 299 F. Supp. 2d 201, 212 (S.D.N.Y. 2004) to be unpersuasive as the facts in that case involve custodial officials that failed to call medical aid for an inmate going into premature labor.

Defendant argues without support that there is a lower risk of violating supervision during a global pandemic. (DN 32, at PageID # 108.) Defendant moves the Court to set an immediate telephonic hearing date regarding his request for emergency release but cites to no authority for this request either. (DN 35, at PageID # 110.)

In response, the United States opposes Defendant's motion for immediate release. (DN 37, at PageID # 112.) The United States aptly points out that the Defendant is not in a heightened risk category for COVID-19 as he is only 29 years old and does not have any chronic medical conditions. (DN 37, at PageID #114.) The United States argues that the Court has already considered the factors set forth in 18 USC §3142(g) after a hearing on July 12, 2019, and the Court found sufficient evidence to detain the Defendant. (DN 7.)

Specifically, the Court listed seven factors supporting the detention decision including Defendant's prior criminal history; participation in criminal activity while on probation, parole or supervision; a history of violence or use of weapons; a history of alcohol or substance abuse; prior failure to appear in court as ordered; prior violations of probation, parole or supervised release; and a lengthy period of incarceration if convicted. (*Id.*) The Court found by a preponderance of evidence that no condition or combination of conditions would reasonably assure the defendant's appearance as required. (*Id.*) The Court also found by clear and convincing evidence that no condition or

combination of conditions would reasonably assure the safety of any other person and the community. (*Id.*)

The United States argues that none of the above factors has changed since the Defendant's initial detention. (DN 37, at PageID # 112.) Pursuant to 18 U.S.C. §3142(g)(3)(A), physical condition was a factor for the Court to consider when determining if pretrial detention was appropriate and there is no evidence that Defendant's physical condition has changed since the detention hearing. (DN 37, at PageID # 114.)

The United States further argues that there is no evidence of a substantial increased risk of coronavirus infection while in pretrial detention compared to the risk of infection that Defendant would face if released, and the United States argues that the risk of infection may actually be less while in custody. (*Id.*) The United States says that the Grayson County Jail, where defendant is being held, has implemented the following steps to counter the COVID-19 virus: (1) all employees and inmates are monitored for symptoms of respiratory infection; (2) all new inmates are screened by medical personnel for signs of respiratory infection and appropriate infection prevention practices are implemented; (3) visits by non-essential personnel are suspended; (4) inmate visitation is suspended; (5) attorney/client meets are being held by video conference or "through the glass" meetings; (6) "clean teams" have been designated and provided personal protective equipment and supplies to disinfect high traffic areas; (7) hand sanitizer stations have been established and remain fully stocked; and (8) symptomatic individuals will be isolated. (DN 37, at PageID # 113-114.) The United States represents as of March 25, 2020, there are no confirmed cases of COVID-19 in this district's prisons and jails. (DN 37, at PageID 114.)

Defendant has not stated any specific circumstances that make Defendant more vulnerable than the rest of the prison population to COVID-19, and Defendant does not evidence that he is in a heightened risk category for infection. Defendant cites to no binding precedent to support his motion for immediate release.

Accordingly, the undersigned is unpersuaded that Defendant's release is necessary for the preparation of his defense or for another compelling reason. 18 U.S.C. §3142(i). Further, the undersigned finds there is no new information that exists that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community under 18 U.S.C. §3142(f)(2) to reopen the detention hearing. Based on the foregoing, the undersigned does not believe that a hearing is necessary at this time.

### III.   RECOMMENDATION

The undersigned HEREBY RECOMMENDS:

(1) Defendant's emergency motion to set a telephonic hearing date (DN 35) be DENIED.

(2) Defendant's motion for immediate release (DN 32) be DENIED and that the Defendant remain detained in the custody of the United States Marshals Service pending all further proceedings.

March 26, 2020

cc: Counsel of record

Colin H Lindsay, Magistrate Judge
United States District Court

5