UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:19-CR-00131-GNS

UNITED STATES OF AMERICA                                        PLAINTIFF

v.

KENDRICK BROWN                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Objection (DN 43) to the Magistrate Judge's Report & Recommendation (DN 40) on Defendant's Motion for Immediate Release (DN 32) and Defendant's Motion for Telephonic Hearing (DN 35). For the reasons stated below, the objection is **OVERRULED**, the R&R is **ADOPTED**, and the motions are **DENIED**.

### I.     BACKGROUND

Defendant Kendrick C. Brown ("Brown") was indicted for one count of possession of a firearm by a prohibited person. (Indictment 1, DN 8). Brown is currently in the custody of the U.S. Marshals Service ("USMS") pending the resolution of the pending count. (Order 1, DN 6; Detention Order 3, DN 7).

On March 20, 2020, Defendant moved for immediate release due to the COVID-19 pandemic. (Def.'s Mot. for Immediate Release DN 32). The Court referred the motion to Judge Lindsay for a Report and Recommendation ("R&R"). (Order, DN 33). Brown subsequently moved for a telephonic hearing on his motion, which was also referred to Magistrate Judge Lindsay. (Def.'s Mot. Telephonic Hr'g, DN 35; Order, DN 36).

On March 26, 2020, Judge Lindsay issued the R&R recommending the denial of Brown's motions. (R&R 5, DN 40). Brown subsequently moved for expedited review and requested an

1

immediate telephonic hearing. (Def.'s Mot. Expedited Review 1-2, DN 41). The Court denied the motion and directed Brown to address the R&R through an objection, if appropriate. (Order, DN 42). On April 1, 2020, Brown filed his Objection to the Magistrate Judge's R&R. (Def.'s Obj., DN 43).

## II. DISCUSSION

### A. Defendant's Motion for Immediate Release (DN 32)

The Bail Reform Act governs review of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . that person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). This Court reviews a defendant's appeal of a detention order *de novo*. *See United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985). Reconsideration of a defendant's detention order may be granted only on new information "that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

The Bail Reform Act provides that a defendant must be detained pending trial if a judge "finds that no condition or combination of conditions will *reasonably assure* the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e) (emphasis added); *see also United States v. Hansen*, 108 F. App'x 331, 332 (6th Cir. 2004) (noting that the requirement is not one of "guarantee," but "reasonable assurance"). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the community's safety, the district court considers four factors set forth in 18 U.S.C. § 3142(g)(1)-(4). A judge is finding that no set of conditions will reasonably assure the defendant's appearance

2

or the defendant threatens the safety of any other person in the community must be supported by clear and convincing evidence. *See id.* § 3142(f)(2)(B). There is a rebuttable presumption under Section 3142(e)(2) that no condition or combination of conditions will reasonably assure the appearance of Brown and the safety of the community because Brown was charged with the possession of a firearm by a person who has been previously convicted of a federal offense. (Detention Order 1; Aff. Supp. Criminal Compl. ¶ 12, DN 1).

### 1.    "Compelling Reason" Analysis under Section 3142(i)

In his Objection, Brown contends that the Magistrate Judge erred in concluding that the Bail Reform Act did not mandate his immediate release. (Def.'s Obj. 1-3). The applicable portion of the Act provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). As stated, this provision applies in rare situations when release is "necessary" for preparation of a defendant's case or another "compelling reason." 18 U.S.C. § 3142(i). "[T]he need to prepare a defense or other compelling reason under Section 3142(i) are not additional factors the Court may consider in evaluating *whether* to detain a defendant in the first place; those factors are in Section 3142(g) only." *United States v. Villegas,* No. 2:19-CR-568-AB, 2020 WL 1649520, at *2 (C.D. Cal. Apr. 3, 2020). Section 3142(i) presumes that a Court has already determined that the defendant must be detained pending trial, which is true as to Brown, but permits a subsequent order for release to the "custody of a United States marshal or another appropriate person" for the two limited reasons of defense preparation or other compelling reason. *Id.* Additionally, the release must be temporary, no longer than needed to complete the necessary defense preparations or to resolve the other compelling circumstances. *See id.* A defendant bears

the burden of establishing circumstances warranting temporary release under Section 3142(i). *See United States v. Clark*, No. 19-40068-01-HLT, 2020 WL 1446895, at *2 (D. Kan. Mar. 25, 2020) (citing *United States v. Buswell*, No. 11-CR-198-01, 2013 WL 210899, at *5 (W.D. La. Jan. 18, 2013)).

There is limited authority for when temporary release is justified under 18 U.S.C. § 3142(i) based on "another compelling reason," although a defendant's medical condition may present that compelling reason under certain facts. *See United States v. Rebollo-Andino*, 312 Fed. App'x 346, 348 (1st Cir. 2009) (noting the defendant could seek temporary release under Section 3142(i) for medical reasons). As a sister court has noted, courts have typically granted relief under Section 3142(i) only "sparingly to permit a defendant's release where, for example, he is suffering from a terminal illness or serious injuries." *United States v. Hamilton*, No. 19-CR-54-01, 2020 WL 1323036, at *2 (E.D.N.Y. Mar. 20, 2020).

The sole basis for Brown's motion seeking release is the health risks posed to him by COVID-19, which he asserts is a "compelling reason" under Section 3142(i). (Def.'s Mot. Immediate Release 1; R&R 5 ("Defendant has not stated any specific circumstances that make Defendant more vulnerable than the rest of the prison population to COVID-19, and Defendant does not [provide any] evidence that he is in a heightened risk category for infection.")). While Brown extensively discusses the general risks caused by this pandemic and the risks of exposure while in pretrial confinement, he fails to disclose that he has any health condition which puts him at greater risk than any other inmate if exposed to COVID-19.[1] (Def.'s Mot. Immediate Release 1-6).

---

[1] Brown fails to argue any of the factors under Section 3142(g).

In support of his motion, Brown relies on *United States v. Scarpa*, 815 F. Supp. 88 (E.D.N.Y. 1993), which is inapposite. In *Scarpa*, the court permitted the defendant to be released under the 24-hour guard of the USMS at his own expense because the defendant had sustained a gunshot wound that destroyed his left eye and surrounding area of his face and skull, he was terminally ill due to AIDS, and correctional authorities could no longer manage his medical conditions. *See id*. at 90-91; *see also United States v. Stephens*, No. 15-CR-95, at *3 (AJN), 2020 WL 1295155 (S.D.N.Y. Mar. 19, 2020) (permitting release of defendant because of "the obstacles the current public health crisis poses to the preparation of the Defendant's defense . . . ."). As noted above, Brown raises no issues whatsoever regarding his current physical conditions.

In his Objection, Brown criticizes the R&R because it does not address *United States v. Mateo*, 299 F. Supp. 2d 201 (S.D.N.Y. 2004). In *Mateo*, the defendant, who was pregnant, was sexually abused and endured 15 hours of inadequate medical attention while in labor during her pretrial detention. *See id.* at 204-05. In sentencing the defendant, the court relied upon those events in granting a nine-level departure. *See id*. at 213. *Mateo* is clearly inapplicable to Brown's motion because he is seeking immediate release, not a departure from the sentencing guideline range for his sentence.

Brown also criticizes the R&R's failure to address his reliance on the *concurring opinion* of Justice Kennedy in *Davis v. Ayala*, 135 S. Ct. 2187 (2015). As in his Objection, Brown argues:

> In *Davis*, Justice Kennedy discussed at length the detrimental impact of isolation in prison on the mental health of inmates. The necessary response of isolation in prison on the mental health of inmates. The necessary response to an inmate showing symptoms in custody is to place that inmate in isolation for at least 14 days. In addition on March 31, 2020, the [Bureau of Prisons] issued a lockdown order for all facilities due to the threat of virus spread . . . .

(Def.'s Obj. 1-2 (citation omitted). In *Davis*, a death-row inmate raised constitutional challenges relating to him "serv[ing] the great majority of his more than 25 years in custody in . . . "solitary

5

confinement." *Davis*, 135 S. Ct. at 2208 (Kennedy, J., concurring).  In his concurring opinion, Justice Kennedy expressed his concerns about the long-term use of isolation and solitary confinement by prison officials.  *See id*. at 2208-10.

Brown is not a death-row inmate and the type of isolation he criticizes—short term of at least 14-days in duration to self-quarantine if exposed to COVID-19—does not equate with the conditions of confinement in *Davis*.  As Justice Kennedy noted, however, "prison officials must have discretion to decide that in some instances temporary, solitary confinement is a useful or necessary means to impose discipline and to protect prison employees and other inmates."  *Id.* at 2210.  Thus, as Justice Kennedy acknowledges, short-term isolation may be necessary to protect prison employees and inmates housed at the facility when an inmate has been exposed to COVID-19.  *Davis* does not provide any support for the present motion relating to the COVID-19 pandemic.

2.  **Clark *Factors***

A recent decision by a sister court in *United States v. Clark* is instructive in addressing a motion in which an inmate seeks release due to the COVID-19 pandemic.  In that case, the court examined recent cases addressing motions relating to the COVID-19 pandemic, and the various approaches taken by courts in resolving these motions.  *See Clark*, 2020 WL 1446895, at *2-3.  The court determined that the inquiry into whether a defendant's individual circumstances warrant release during the COVID-19 pandemic is appropriately considered on a case-by-case under the "compelling reason" prong of Section 3142(i).  *See id.* at *3.  In making that determination, the court noted:

> The court is mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.  But, in that context, a defendant should not be entitled to temporary release under § 3142(i) based solely on generalized COVID-19 fears and speculation.  Rather, the court must make an individualized determination as to whether COVID-19 concerns present such a compelling reason in a particular case that temporary release is necessary under §

3142(i). In making that determination, the undersigned will evaluate at least the following factors: (1) the original grounds for the defendant's pretrial detention, (2) the specificity of the defendant's stated COVID-19 concerns, (3) the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to the defendant, and (4) the likelihood that the defendant's proposed release would increase COVID-19 risks to others. The court will not necessarily weigh these factors equally, but will consider them as a whole to help guide the court's determination as to whether a "compelling reason" exists such that temporary release is "necessary."

*Id*. While there is no specified test in this Court or in the Sixth Circuit, the factors articulated in *Clark* capture the concerns that courts must weigh under the statutory framework in considering whether the defendant's assertions about COVID-19 represent a compelling reason for release.

### a. Original Grounds for Pretrial Detention

On July 8, 2019, Judge Lindsey conducted a combined preliminary and detention hearing for Brown. (Order 1, DN 6). Based on the arguments of counsel, Judge Lindsey ordered Brown to be remanded to the custody of the USMS pending trial. (Order 1, DN 6). In the Detention Order, Judge Lindsay found:

> There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:
> (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
> . . .
> (e) any felony that is not otherwise a crime of violence but involves: (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; and
> (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; and
> (3) the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; and
> (4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

(Detention Order 1). After concluding that Brown had failed to meet his burden to rebut the presumption for detention, Judge Lindsay stated:

> After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:
>
>> By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.
>>
>> By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.
>
> In addition to any findings made on the record at the hearing, the reasons for detention include the following:
>> . . .
>> Subject to lengthy period of incarceration if convicted
>> Prior criminal history
>> Participation in criminal activity while on probation, parole, or supervision
>> History of violence or use of weapons
>> History of alcohol or substance abuse
>> . . .
>> Prior failure to appear in court as ordered
>> . . .
>> Prior violations of probation, parole, or supervised release[.]

(Detention Order 2-3).

In support of the present motion, Brown has not articulated how any of the original reasons for the initial detention determination have changed. As the United States notes in opposing this motion:

> The fact that a new virus exists outside of the Grayson County Detention Center or any other facility walls is not grounds to release this defendant or any of the other thousands of incarcerated persons in the United States. The existence of COVID-19 does not lessen the danger this defendant poses to the community.

(Pl.'s Resp. Def.'s Mot. Immediate Release 1, DN 38). Thus, Brown has not presented any different information with a material bearing on the factors considered under the Bail Reform

8

Act—the risk of non-appearance at court proceedings or of Brown's danger to the community if released. *See* 18 U.S.C. § 3142(f). This factor weighs in favor of Brown's continued detention.

### b. Specificity of Defendant's Stated COVID-19 Concerns

The Bail Reform Act does not authorize pretrial release under generic health conditions that, while serious, apply to every detainee in federal custody. *See, e.g.*, *United States v. Penaloza*, No. TDC 19-238, 2020 WL 1555064, at *4 (D. Md. Mar. 31, 2020) ("[T]he mere presence of the [COVID-19] virus, even in the detention setting, does not automatically translate to the release of a person accused." (citations omitted)); *United States of America v. Lee*, No. 19-CR-20112-03, 2020 WL 1540207, at *3 (E.D. Mich. Mar. 30, 2020) ("[T]he COVID-19 pandemic cannot be the sole basis for releasing a defendant from custody pending trial; the Court must still consider the Section 3142(g) factors." (citation omitted)).

Brown has failed to articulate any specific health risks posed to him by the COVID-19 pandemic. Likewise, he has not identified any case of COVID-19 in the facility where he is currently housed. Accordingly, this factor supports Brown's continued detention.

### c. Extent to Which the Proposed Release Plan Is Tailored to Mitigate or Exacerbate Other COVID-19 Risks to Brown

The Bail Reform Act allows for temporary release only if the court determines that such release is "necessary" for a compelling reason. 18 U.S.C. § 3142(i). In the context of COVID-19, this means that the proposed temporary release plan should be tailored to mitigate the defendant's overall COVID-19 risks, not exacerbate them.

Brown fails to provide any release plan other than seeking release on bond. (Def.'s Mot. Immediate Release 6). He also fails to specify that he is requesting temporary release, which is the only release called for under Section 3142(i). Just as significantly, Brown does not articulate how his release will mitigate any risk to him posed by the COVID-19 pandemic because he would

9

be at risk of exposure while free on bond as well. *See United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *3 (S.D. Ohio Mar. 30, 2020) (denying the defendant's renewed motion for emergency release due to this failure to provide a release plan demonstrating a mitigation of risks); *United States v. Sanders*, No. 19-20037-01-DDC, 2020 WL 1528621, at *5 (D. Kan. Mar. 31, 2020) ("Mr. Sanders's release request does not explain how his release would mitigate his overall exposure to COVID-19. Indeed, Mr. Sanders relies on his speculative assumption that his risk of contracting COVID-19 is higher inside CoreCivic than if he is released. But that assumption is not necessarily accurate."). Thus, this third factor does not support Brown's temporary release.

          **d.**        **Likelihood that Brown's Proposed Release Would Increase COVID-19 Risks to Others**

In considering a request for temporary release under Section 3142(i) based on COVID-19, "it is also appropriate to consider the likelihood that the defendant's proposed release plan would increase COVID-19 risks to others, particularly if the defendant is likely to violate conditions of release." *Clark*, 2020 WL 1446895, at *7. Because Brown has been detained the since his arrest, however, this factor does not have any impact on the Court's analysis for the factors outlined in *Clark*.

          **e.**        **Weighing the *Clark* Factors**

In weighing these factors, the Court acknowledges the risks associated with COVID-19. Nevertheless, Brown has failed to establish compelling reasons sufficient to persuade the Court that his temporary release is necessary. Most significantly, Brown has not addressed the Court's prior findings as to his dangerousness. *See United States v. Blankenship*, No. 2:19-CR-237(2), 2020 WL 1557664, at *3 (S.D. Ohio Apr. 1, 2020) ("[T]he Court concludes that, although COVID-19 poses a significant risk to all persons, Defendant still poses a risk to the public that requires her

continued detention."). It remains that there are no conditions or combination of condition that will reasonably assure the safety of the community.

Similarly, Brown has not refuted the United States' contention that Grayson County Detention Center ("GCDC") has implemented precautionary and monitoring practices to counter the COVID-19 pandemic to protect inmates. (Pl.'s Resp. Def.'s Mot. for Immediate Release 2-3, DN 37). Although Brown criticizes the lack of available testing kits, he acknowledges the unavailability of testing kits is a nationwide problem. (Def.'s Reply Mot. for Immediate Release 1-2, DN 39).

While acknowledging Brown's concerns, the COVID-19 pandemic does not constitute a sufficiently compelling reason to justify his release—absent any health conditions that put him at higher risk if exposed—where the safety of the community cannot be ensured and the GCDC has taken appropriate measures to address the pandemic. *See United States v. Martin*, No. CR PWG-19-140-13, 2020 WL 1274857, at *4 (D. Md. Mar. 17, 2020).

For these reasons, Brown has failed to satisfy the requirements of Section 3142(i), as noted in Judge Lindsay's R&R. The Court will overrule his Objection.

**B.** **Defendant's Motion for Telephonic Hearing (DN 35)**

Brown also objects to the recommendation that he be denied a telephonic hearing regarding his motion. The Bail Reform Act is silent as to whether the defendant is entitled to a hearing on an appeal of a detention order. Nevertheless, there is ample authority that a court may decide such a motion based on the filings (including proffers from counsel) without a hearing. *See Martin*, 2020 WL 1274857, at *3.

In particular, the Bail Reform Act provides that "[i]f a person is ordered detained by a magistrate judge" that person "may file, with the court having original jurisdiction over the

11

offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The court must then make a *de novo* "determination as to whether the magistrate judge's findings are correct based on the court's review of the evidence before the magistrate judge." *Martin*, 2020 WL 1274857, at *3 (citing *United States v. Sidbury*, No. LWF-15-184, 2015 WL 8481874, at *1 (E.D.N.C. Dec. 8, 2015)).

The court "may conduct an evidentiary hearing" as part of its review. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). However, "there is no statutory requirement that the court hold a hearing" and the court "retains the discretion to decide whether to hold a hearing." *Martin,* No. CR PWG-19-140-13, 2020 WL 1274857, at *3; *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019); *see also Williams*, 753 F.2d at 331 (recognizing that the court may permit the parties to "introduce proffers of evidence" to allow the introduction of new evidence); *United States v. Hensler*, 18 F.3d 936 (5th Cir. 1994) (holding defendant was not entitled to evidentiary hearing); *King*, 849 F.2d at 490 ("based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct.").

In this case, Brown has had the opportunity to be heard regarding the original factors under Section 3142(g) and in seeking immediate release under the compelling reason prong of Section 3142(i). Based on the court filings, it is unclear what additional arguments that Brown would present if granted a hearing. Most significantly, Brown's Objection continues to raise general concerns posed by the COVID-19 pandemic and fails to raise any particular health conditions that put Brown at a higher risk than any other inmate. Thus, the Court concludes that a hearing is

unnecessary to address Brown's request for immediate release, and the Court will deny this motion.

## IV. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Objection (DN 43) is **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (DN 40) is **ADOPTED**.

3. Defendant's Motion for Immediate Release (DN 32) and Defendant's Motion for Telephonic Hearing (DN 35) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

April 20, 2020

cc: counsel of record